IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darryl Johnson, ) | Civil Action No. 3:10-00587-SB-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Capt. Carlette Wineglass, Sgt. James Poinsette, ) | |
| Sgt. Jesse Williams, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action has been filed by the Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by the named Defendants. The Defendants filed a motion for summary judgment on October 26, 2010. As the Plaintiff is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on October 29, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted.

Notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff failed to respond to the motion. As such, it appeared to the Court that he did not oppose the motion. In an order issued January 7, 2011, Plaintiff was advised to notify the Court as to whether he wished to continue with this case, and to file a response to the Defendants' motion for

summary judgment within fifteen (15) days from the date of that order, or this case would be recommended for dismissal. *See* Order filed January 7, 2011 (Court Document No. 22). On January 19, 2011, the Court's order, which was mailed to the Plaintiff, was returned to the Court marked "Return to Sender (No longer at this facility.)" and "Unable to Forward." The undersigned notes that when Plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order.  Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

*See* Order filed May 18, 2010.

Plaintiff has failed to provide the Court with a current mailing address, and as a result neither the Court nor the Defendants have any means of contacting him concerning his case.

Based on the foregoing, it is recommended that this action be **dismissed**, **with prejudice**, for failure to prosecute in accordance with Rule 41(b), Fed.R.Civ.P.  The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

**If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, along with his response to the Defendants' motion for summary judgment, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned**

**for further handling.  If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 21, 2011

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).